United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41494
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO ANTONIO SOBREVILLA-SILVESTRE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1012-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roberto Antonio Sobrevilla-Silvestre (Sobrevilla) appeals his guilty-plea conviction and sentence for illegal reentry after deportation. Sobrevilla's constitutional challenge to the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Sobrevilla contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Sobrevilla properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Sobrevilla also argues that pursuant to United States v. Booker, 125 S. Ct. 738 (2005), the district court erred when it sentenced him under a mandatory application of the Sentencing Guidelines.  Sobrevilla is correct in his contention that the district court erred when it sentenced him pursuant to a mandatory guidelines system.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005).  The Government concedes that Sobrevilla's objection during sentencing preserved his challenge for appellate review.

We review a preserved challenge to the mandatory application of the Sentencing Guidelines for harmless error, and the Government bears the burden of showing harmlessness.  United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005).  Before an error can be held harmless, "the court must be able to declare a belief that it was harmless beyond a reasonable doubt."  Id.  Because the Government has not met this burden, we VACATE Sobrevilla's sentence and REMAND for resentencing.  We do not reach Sobrevilla's argument that the district court committed reversible plain error when it

misapplied U.S.S.G. § 2L1.2(b)(1)(A)(ii) in his case.  See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

VACATE AND REMAND.